**IOWA NATURAL RESOURCES COUNCIL,
Appellant,**

**v.**

**Clarence MAPES and Mildred Mapes,
Appellees.**

**No. 53052.**

Supreme Court of Iowa.

Jan. 14, 1969.

Richard C. Turner, Atty. Gen., Fred Hendrickson, and Larry Seckington, Asst. Attys. Gen., for appellant.

Gordon K. Darling, Winterset, for appellee.

BECKER, Justice.

■ This is an action in equity in which plaintiff, Iowa Natural Resources Council, an administrative agency of the State of Iowa, seeks a mandatory injunction prohibiting defendants from maintaining an obstruction or excavation in the floodway of the North Branch of North River. Defendants have, without making the necessary statutory application, erected a dam or levee which together with excavation of a new channel, straightened the North Branch as it flows through defendants' property. Plaintiff contends it is entitled to a mandatory injunction ordering removal of the straightening work simply on the basis of a showing the work was done without the requisite permission. The trial court found plaintiff would have to show the work done constituted a public nuisance before a mandatory injunction would be granted, a public nuisance had not been established and dismissed the action. We agree.

At the outset we note this case was tried and decided before we filed our opinion in Iowa Natural Resources Council v. Van Zee, Iowa, 158 N.W.2d 111. The issues decided there are identical to those posed here and the decision controls disposition of this case.

Plaintiff's evidence consisted of the testimony of David Hollingshead, a graduate engineer employed by the Iowa Natural Resources Council. Mr. Hollingshead's primary work is reviewing floodway construction. He first learned of defendants' action altering the flow of the North Branch by way of complaint filed in early 1966. The work had been completed in 1965. The witness examined the premises twice; in July and again in December, 1966.

Mr. Hollingshead did not attempt to collect extensive engineering data during his two inspections and did not determine from those inspections what, if anything, should be done about the new work. He stated: "I cannot speak for the Council, I have no basis for an opinion as to whether the Council would approve or reject the channel change work as it has been performed by Mr. Mapes. I do not have the engineering data which would allow me to evaluate the effect that this work would have on the floodway of the North Branch of the North River. Therefore, I could not form an engineering opinion as distinguished from speaking for the Council as to what the Council might do in response to an application for this particular project. I could not form an opinion as to what my recommendation to the Council would be as to accepting or rejecting an application based on this particular project because of the lack of engineering data."

Defendants testified they had the work done to change the channel at the suggestion of and in cooperation with the United States Department of Agriculture Soil Conservation Service as part of their program. The change in the flow of the stream occurred entirely on defendants' land and made about four acres more accessible for farming. Defendants were not aware of the application and permit requirements of Chapter 455A, Code of Iowa, 1966. Plaintiff Council was created in 1949, Chapter 203, Acts of the Fifty-third General Assembly. The chapter was completely revised and enlarged by the legislature in 1957, Fifty-seventh General Assembly, Chapter 229.

I. As noted, this case was tried before our opinion in Iowa Natural Resources Council v. Van Zee, Iowa, 158 N.W.2d 111. The problems raised here are identical with those raised in the Van Zee case. We shall not again extensively review chapter 455A as such action in this case would be repetitious.

The Van Zee case came to this court on the pleadings. Here evidence was offered by both sides. This does not change

the principles involved, nor does the evidence here offered change the result. In Van Zee, plaintiff Council contended, as it does here, that an application to the Council, supported by adequate engineering data, and approval of the application are conditions precedent to the work of altering the channel, and failure to first obtain approval of such activities from plaintiff entitles it to mandatory injunctive relief without any further showing defendants' acts constitute a nuisance as defined by chapter 455A. This issue was decided adversely to the Council by the trial court and by this court in the Van Zee case when we said at page 115 of 158 N.W.2d: "Injunctive relief by abatement is a harsh and severe remedy and, except in cases of nuisances or other great necessity, it should not be granted unless that authority is clearly and specifically provided by the legislature. Paragraph 4 of the section does not so provide.

"The legislature here demonstrated it knew how to state this remedy in paragraphs 1 and 2. It is apparent, if it wished, it could have provided for *abatement* as well as *restraint* in paragraph 4. It did not choose to do so. Having not done so, it is reasonable to believe it did not wish to grant that extreme relief for the mere failure to obtain a permit. That being the case, plaintiff's appeal must be to the legislature, not to the courts. * * *

"The remedies the legislature did provide under § 455A.33 appear clear. Paragraph 2 authorizes mandatory injunctive relief for existing structures *if* they can be shown to be a nuisance. Paragraph 1 declares structures to be nuisances *if* they can be shown to 'adversely affect the efficiency of or unduly restrict the capacity of the floodway, adversely affect the control, development, protection, allocation, or utilization of the water resources of the state, or adversely affect or interfere with the state comprehensive plan for water resources, * * *.'" Of course, the quotation applies where *abatement* is being sought. We are not here concerned with a request for *restraint*.

II. Here the evidence offered by plaintiff fell short of showing a nuisance as defined in paragraph 1 of section 455A.-33. Plaintiff's witness, in addition to the testimony heretofore noted, frankly stated: "I have no engineering opinion as to whether or not the structure change is harmful or beneficial or neither except as I pointed out earlier that there is some ponding effect back upstream from the new channel. * * * I am not aware of any harmful effect resulting from the channel change other than the ponding effect previously described." It is clear from the engineer's entire testimony that the ponding effect noted was not enough, by itself, to generate an adverse opinion in his mind.

The Council did not establish a statutory nuisance so as to entitle it to relief by injunctive abatement.

III. Plaintiff complains of the trial courts' definition of abatement. We agree the courts holding that "a public nuisance is a nuisance of such nature as would have an adverse effect on more than one person" is incorrect as applied to the problem presented here. We are dealing with a specific statute which defines the term nuisance as used by the legislature. We express no opinion as to the definition above quoted from the trial court's order as we deem the definition irrelevant. The legislative definition controls.

IV. In Iowa Natural Resources Council v. Van Zee, supra, at page 119 of 158 N.W.2d, we said: "The council contends defendant should be required to file the application for a permit even though the structure has been completed so that the orderly procedure set out in chapter 455A can be effectively followed. We agree." Defendant argues this portion of the holding should not be applied here. We do not decide the point. The Council did not ask for such relief, does not appeal from the trial court's failure to order the appli-

cation and does not argue the matter. The issue is not here for determination. Rule 344(a) (4) Third, Rules of Civil Procedure.

Affirmed.

All Justices concur, except GARFIELD, C. J., and RAWLINGS, J., who dissent.

RAWLINGS, Justice (dissenting).

I am unable to agree with the result reached by the majority and reasoning by which it is achieved, therefore respectfully dissent. In support hereof see dissent in Iowa Natural Resources Council v. Van Zee, Iowa, 158 N.W.2d 111, 120.

GARFIELD, C. J., joins in this dissent.